UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| Susan Lynn Ellison Sargent,<br><br>Plaintiff,<br><br>v.<br><br>Greenwood County School District 52,<br><br>Defendant. | C.A. No.: 8:19-cv-01636-DCC-KFM<br><br>**ANSWER AND AFFIRMATIVE DEFENSES BY DEFENDANT GREENWOOD COUNTY SCHOOL DISTRICT 52** |

Defendant Greenwood County School District 52 ("the District"), by and through its undersigned counsel, hereby responds to the Complaint of Susan Lynn Ellison Sargent ("Plaintiff"), in accordance with the numbered paragraphs thereof, as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Admitted.

2. Admitted upon information and belief.

3. Admitted in part and denied in part. The District admits only that it is headquartered in Greenwood County, South Carolina. The District asserts the United States District Court District of South Carolina, Greenwood Division is the proper venue and has subject matter jurisdiction over this matter. The District denies the remaining allegations contained in Paragraph 3.

4. Admitted upon information and belief.

**FACTUAL ALLEGATIONS**

5. Admitted upon information and belief.

6. Admitted upon information and belief.

7. Admitted upon information and belief.

8. Denied.

9. Admitted.

10. Denied as stated. The District admits only that it hired Becky Corbin ("Corbin") in July 2016 as Principal of Ninety-Six Primary School ("NSPS") and that Corbin is currently forty-five (45) years old.

11. Denied.

12. Admitted in part and denied in part. The District only admits that Sargent was named teacher of the year in or about 1996. The District denies the remaining allegations of Paragraph 12.

13. Admitted.

14. Admitted in part and denied in part. The District admits that Plaintiff interviewed with Charlene Louden ("Louden"), Principal of Ninety-Six Elementary School ("NSES") and Corbin on April 4, 2018, and the Louden had never formally observed Plaintiff's classroom in an administrative capacity. The District denies the remaining allegations in Paragraph 14.

15. Denied.

16. Admitted in part and denied in part. The District only admits that all interviewees were asked the same sort of questions throughout the interview process. The District denies the remaining allegations of the Paragraph 16.

17. Admitted in part and denied in part. The District admits only that Corbin met with Plaintiff on April 20, 2018, to inform Plaintiff that the District chose not to rehire Plaintiff and that Corbin told Plaintiff she was not rehired because Plaintiff did not fit with the direction the wanted to go. The District denies the remaining allegations in Paragraph 17.

18. Denied.

19. Denied.

20. Admitted.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

## FOR A FIRST CAUSE OF ACTION
### (Age Discrimination in violation of the ADEA)

29. The District incorporates by reference herein its responses to the preceding paragraphs of Plaintiff's Complaint.

30. Denied.

31. Denied

32. Denied.

Plaintiff's "WHEREFORE" statement constitutes a demand for relief to which no responsive pleading is required. To the extent a responsive pleading is required, the District denies that Plaintiff is entitled to the relief she seeks.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Good Faith and Reasonable Manner)**

At all times referenced, the District acted in good faith and in a reasonable manner.

**THIRD AFFIRMATIVE DEFENSE**
**(Legitimate, Employment-Related Reasons)**

All of the District's actions regarding Plaintiff were based on legitimate, employment-related reasons, which were not retaliatory, discriminatory, or otherwise unlawful.

**FOURTH AFFIRMATIVE DEFENSE**
**(Lack of Official Policy or Custom)**

Plaintiff cannot establish that the alleged violations of her Constitutional rights were caused by an official policy or custom of the District.

**FIFTH AFFIRMATIVE DEFENSE**
**(Claims Beyond Scope of EEOC Charge)**

Plaintiff's claims are not actionable to the extent such claims are beyond the scope of her EEOC charge of discrimination.

**SIXTH AFFIRMATIVE DEFENSE**
**(Objectively Reasonable Actions)**

The District's actions were objectively reasonable in light of the existing law; therefore, the District is entitled to immunity.

**SEVENTH AFFIRMATIVE DEFENSE**
**(At-Will Employment Status)**

Plaintiff was an at-will employee whose employment could have been terminated at any time, for any reason, with or without notice. ·

**EIGHTH AFFIRMATIVE DEFENSE**
**(Lack of Causal Connection)**

Plaintiff cannot establish a causal connection between her exercise of statutory rights and any adverse employment action.

### NINTH AFFIRMATIVE DEFENSE
### (Failure to state a *prima facie* case)

Plaintiff fails to state a *prima facie* case under the claims or cause of action she has asserted. In the alternative, assuming Plaintiff has stated a *prima facie* case, all conduct and actions on the part of District concerning Plaintiff was wholly based on legitimate, nondiscriminatory, and non-retaliatory reasons.

### TENTH AFFIRMATIVE DEFENSE
### (Reasonable Factors Other than Age)

The decisions Plaintiff challenges were based on reasonable business factors other than age.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Good Cause)

The decisions Plaintiff challenges were based on good cause other than age by the District.

### TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

Plaintiff has failed to comply with the time limits for pursuing administrative remedies for age discrimination complaints.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Decision Maker of the Same Protected Class)

The decision makers involved in Plaintiff's claims are members of the same protected class as Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Punitive Damages Violate Amendments to the U.S. Constitution and S.C. Constitution)

The District would show that an award of punitive damages violates the Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution and Article I, § 3 of the S.C. Constitution in that:

a. the judiciary's ability to correct a punitive damage award only upon a finding of passion, prejudice, or caprice is inconsistent with due process guarantees;

b. any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

c. any award of punitive damages based upon the wealth of Defendant violates due process;

d. the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

e. even if it could be argued that the standard covering the imposition of punitive damages exists, the standard is void for vagueness;

f. Plaintiff's claim for punitive damages violates that equal protection clause of the Fourteenth Amendment of the U.S. Constitution and Article I, § 3 of the S.C. Constitution in that the amount of punitive damages is based upon wealth of Defendant; and

g. in addition, Plaintiff's claim for punitive damages violates the Federal Doctrine of Separation of Powers and Article I, § 8 of the S.C. Constitution for the reason that punitive damages are a creation of the judicial branch of government that invades the province of the legislative branch of government.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Punitive Damages Violate U.S. and South Carolina Constitutions)**

The District alleges that Plaintiff's claim for punitive damages violates both the Fourteenth Amendment of the United States Constitution and Article I, § 3 of the South Carolina Constitution in one or more of the following particulars:

a. that the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of a meaningful standard and is inconsistent with due process guarantees;

b. that, even if a standard governing the award of punitive damages does exist, this standard is void for vagueness; and

c. that the amount of punitive damages awarded is based upon the wealth of the Defendants in violation of their rights to equal protection of the laws.

### SIXTEENTH AFFIRMATIVE DEFENSE
**(Failure to Engage in Infringing Conduct)**

At all times relevant to this action, the District did not engage in any conduct which violated or infringed upon Plaintiff's rights under the United States Constitution or any other Federal right or privilege.

### SEVENTEENTH AFFIRMATIVE DEFENSE
**(Reliance on Other Defenses)**

Defendant hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery, and it reserves the right to amend its Answer to assert any such defenses.

### EIGHTEENTH AFIRMATIVE DEFENSE
**(Failure to Mitigate)**

Plaintiff's claims are barred or diminished to the extent she has failed to mitigate her alleged damages.

WHEREFORE, having answered the required portions of Plaintiff's Complaint, the District prays that the same be dismissed with prejudice, together with the costs and disbursements of this action, and for such other relief as this Court deems proper.

**[Signature Block on Following Page]**

*Respectfully Submitted by,*

WHITE & STORY, LLC


By: *s/*J. Alexander Sherard
    Ashley C. Story (Fed. ID No. 11505)
    J. Alexander Sherard (Fed ID No. 12777)
    P.O. Box 7036
    Columbia, SC  29202
    T: 803.814.0993
    F: 803.814.1183
    astory@sodacitylaw.com
    asherard@sodacitylaw.com

***Attorneys for Defendant Greenwood County School District 52***

June 11, 2019
Columbia, South Carolina